IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT R. HOUSER, JR.                                                      PLAINTIFF

        v.                     Civil No. 11-2185

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Robert Houser, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed his application for SSI on November 5, 2008, alleging an onset date of November 1, 2008[1], due to arthritis of the left wrist, neck and right hand pain, herniated disks, and degenerative disk disease ("DDD") of the lumbar spine. Tr. 174-175, 207-208, 228, 235-236. His claims were denied both initially and upon reconsideration. Tr. 61-63, 68-72. An administrative hearing was then held on April 12, 2010. Tr. 23-57. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, Plaintiff was 45 years of age and possessed the equivalent of a high school education. Tr. 30, 32. Plaintiff had past relevant work ("PRW") as a painter. Tr. 43-47, 165. 197.

---

[1] Plaintiff has filed three SSI claims. His initial SSI claim was filed in 2004 and approved on April 24, 2006. Tr. 260-268. Plaintiff was incarcerated from November 2007 until October 28, 2008, at which time his benefits ceased. His second SSI claim is the present case. And, his third SSI claim was filed on August 31, 2010 and approved on November 10, 2011.

AO72A
(Rev. 8/82)

On August 11, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's back impairment did not meet or equal any Appendix 1 listing. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to lift and carry 10 pounds occasionally and less that 10 pounds frequently, sit for about six hours during an 8 hour workday, and stand and walk for at least two hours during an eight hour workday. He also found that Plaintiff could also occasionally climb, balance, stoop, kneel, crouch and crawl.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 4, 2011. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

**II.**   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    A.    <u>The Evaluation Process</u>:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

**III.**    <u>**Discussion:**</u>

Of particular concern to the undersigned is the ALJ's RFC assessment. The 8th Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has

held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And while the issue is not the existence of pain, the issue **is** whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the ALJ relied heavily on evidence dated between November 2007 and October 2008, while Plaintiff was incarcerated and not eligible for benefits, in determining Plaintiff was not disabled. Tr. 401-515. And, we note that Plaintiff did not file his SSI application until November 5, 2008.[2] This is particularly troubling, given that the evidence dated during the relevant time period supports a more restrictive RFC.

On February 26, 2009, x-rays of Plaintiff's lumbar spine revealed degenerative L5-S1 level interspace changes. Tr. 340-342. An MRI of his lumbar spine conducted in November 2005, had also shown a mild diffuse disk bulge at the L4-5 level, mild hypertrophy of the bilateral ligamentum flavum, mild stenosis of the bilateral neural foramina, near complete loss of the intervertebral disk space heights at the L5-S1 level, a mild diffuse disk bulge at the L5-S1 level with asymmetry to the region of the left neural foramina with protrusion of the disk into the region of the left neural foramina, and mild stenosis of the right neural foraminal with mild-to-moderate stenosis of the left neural foramina. Tr. 204-205, 337-338.

On March 10, 2009, Dr. Van Hoang performed a general physical examination of Plaintiff. Tr. 344-348. Plaintiff reported a history of chronic lower back pain with a ruptured lumbar disk. Dr. Hoang's examination revealed a normal range of motion with pain and a poor gait and poor coordination secondary to pain. However, there was no evidence of atrophy, weakness, or sensory abnormalities. The

---

[2]SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed. *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991).

doctor diagnosed him with chronic lower back pain associated with lumbar spine pathology, degenerative lumbar spine, and neural foraminal lumbar stenosis (mild to moderate) and assessed him with severe physical limitations for work. The term severe was not further defined, and the ALJ did not follow up with Dr. Hoang for further explanation.

From April 7, 2009, until July 2009, Plaintiff followed-up monthly with Dr. Hoang, verbalizing continued complaints of back pain. Tr. 360, 363. He was prescribed Norco and Ultram each time.

On July 6, 2009, Plaintiff slipped and fell, exacerbating his back condition. Tr. 381-387. X-rays revealed severe disk space narrowing at the L5-S1 level with vacuum disk phenomenon. Plaintiff was prescribed Hydrocodone and Cyclobenzaprine by an emergency room doctor. He followed-up with Dr. Hoang on August 3, 2009, at which time he was again diagnosed with continued aggravation of his lower back pain and given medication refills. Tr. 522. And, he continued with monthly follow-ups through February 2010. Tr. 522-524. Each time, Plaintiff's diagnoses and physical exam remained the same, and he was given refills of Norco and Ultram.

On February 3, 2010, Dr. Hoang completed a physical RFC assessment of Plaintiff, indicating that he had been treating him for chronic lower back pain associated with DDD and lumbar neuroforaminal stenosis. He determined that Plaintiff's condition was progressively worsening, and cited lower back pain, numbness, pain in both legs, a 50% decrease in range of motion, fatigue, and insomnia secondary to pain as objective evidence to support Plaintiff's diagnoses. An abnormal gait, sensory loss, tenderness, muscle spasm, muscle weakness, and an impaired appetite were also noted. Dr. Hoang concluded that Plaintiff's pain consistently interfered with his ability to maintain attention and concentration, necessitated a sit/stand option, required him to take frequent (10 minutes every 3 hours) breaks, and would cause him to miss more than 4 days of work per week. Further, he also determined Plaintiff could sit/stand/walk less than two hours per day; could occasionally lift less than 10 pounds and rarely lift 10 pounds, twist, stoop, and crouch/squat; rarely climb ladders; and, never climb stairs.

After reviewing the entire record, we believe that remand is necessary to allow the ALJ to reconsider the **relevant** evidence regarding Plaintiff's RFC. The only RFC assessment contained in the record that was completed by a treating physician reveals a less than sedentary RFC. And, the RFC assessment of the non-examining, consultant, which the ALJ rejected, offered a moderate RFC. This dismissal leaves the ALJ with RFC assessments that are significantly more limited than the one he assessed, and no relevant medical evidence to distract from these assessments. Therefore, this mater will be remanded for further consideration.

IV. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g)

DATED this 29th day of November 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)